**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| SAMUEL A. GURROLA, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | **EP-20-CV-320-DB** |
| | § | |
| UNITED STATES OF AMERICA, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before this Court is Defendant United States's ("the Government") "Motion to Dismiss," ECF No. 13, filed on April 26, 2021.   Therein, the Government asks the Court to dismiss Plaintiff Samuel A. Gurrola's ("Mr. Gurrola") Complaint, ECF No. 1, filed on December 29, 2020, as barred by the United States's sovereign immunity.   Mr. Gurrola filed a Response, ECF No. 14, on May 10, 2021.   The Government filed a Reply, ECF No. 18, on May 17, 2021. After due consideration, the Court will grant the Motion.

### BACKGROUND

Mr. Gurrola's Complaint alleges that the Drug Enforcement Administration ("DEA"), an agency of the United States Government, violated the law during its interactions with Mr. Gurrola, the operator of a pharmacy business.   Compl. 1–6, ECF No. 1.   Mr. Gurrola's Complaint is divided into four sections, titled "fraudulent concealment," "sexual harassment," "rape of women abroad by the DEA," and "extortion."   *Id.*   Because Mr. Gurrola is a pro se complainant, the Court construes his pleadings liberally.   *Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002).   It identifies six claims against the Government, three coming under the heading of "sexual harassment" and one under each of the other headings.

Mr. Gurrola's "fraudulent concealment" claim is based on allegations that DEA Investigator Winnie Sepp acted in concert with non-Government individuals to obtain "false search warrants" and burglarize Mr. Gurrola's pharmacy.   Compl. 1–5, ECF No. 1.   Mr. Gurrola also claims that Winnie Sepp collected $800 to renew Mr. Gurrola's DEA registration but failed to actually renew the registration.   *Id.* at 3, 5.

In the section of Mr. Gurrola's complaint labeled "sexual harassment," the Court identifies three distinct claims.   *Id.* at 5–6.   First, Mr. Gurrola alleges that he was sexually harassed during encounters with Winnie Sepp because she was dressed provocatively, which he found "unwelcomed [sic] and offensive."   *Id.*   Second, Mr. Gurrola cites to exhibits H-J where he alleges that the DEA and third parties sent him sexually explicit photos and made solicitations for unwanted sex that were designed to destroy his family.   *Id.* at 24, 26.   Third, Mr. Gurrola alleges that the DEA, through third parties, destroyed his family by telling his community and his family that he was soliciting sex.   *Id.* at 26.

Mr. Gurrola's "rape of women abroad by the DEA" claim is based on allegations that the DEA, itself and through third parties, has been "raping women for years."   *Id.* at 6.

Mr. Gurrola's "extortion" claim is based on allegations that the DEA, a "Dr. Armistead," and other unnamed third parties are stealing Mr. Gurrola's mail and sending explicit material to his family to invoke fear.   *Id.*

Mr. Gurrola has filed several suits against the Government and its agencies. Mot. 2 n.2, ECF No. 13.   In a case filed in June 2019 in the same district as this Court, Mr. Gurrola alleged, as he does now, that Winnie Sepp wrongfully obtained money from him and failed to use that money to provide him with a DEA registration.   *Gurrola v. United States*, No. EP-19-CV-170-PRM (W.D. Tex. July 8, 2020); Compl. 5, ECF No. 1.   The court examining that

2

claim granted the Government's Motion to Dismiss and entered a final judgment in favor of the Government. *Gurrola v. United States*, No. EP-19-CV-170-PRM (W.D. Tex. July 8, 2020).

### LEGAL STANDARD

The Government moves to dismiss Mr. Gurrola's Complaint under Federal Rules of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") and 12(b)(6) ("Rule 12(b)(6)"). Mot. to Dismiss, ECF No. 13; Fed. R. Civ. P. 12(b). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

Federal courts are courts of limited jurisdiction and have power to adjudicate claims only when a statute or the Constitution confers jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Pursuant to Federal Rule of Civil Procedure 12(b)(l), a case may be properly dismissed for lack of subject-matter jurisdiction when a court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). When a defendant files a motion pursuant to Rule 12(b)(1) to dismiss a claim for lack of subject matter jurisdiction, the plaintiff bears the burden of establishing that the court possesses subject-matter jurisdiction over the dispute. *Ramming*, 281 F.3d at 161 (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)).

Generally, a federal court does not have jurisdiction over suits against the United States, as the United States's sovereign immunity bars individuals from suing it without its consent. *Boehms v. Crowell*, 139 F.3d 452, 462–63 (5th Cir. 1998) (citations omitted).

3

However, the United States can waive its sovereign immunity by statute, opening it up to suit. *Id.*

The Federal Tort Claims Act (FTCA), passed in 1946, waives the United States's immunity against certain state-law tort claims committed by employees acting in the scope of their employment. 28 U.S.C. § 1346(b)(1); *Brownback v. King*, 141 S. Ct. 740, 746 (2021). It is the sole means by which the United States has waived its sovereign immunity against tort claims for damages. *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006). The FTCA requires plaintiffs to bring claims in federal district court, and "transferr[ed] most tort claims to the federal courts." *Brownback*, 141 S. Ct. at 746.

"The question of whether the United States has waived sovereign immunity pursuant to the FTCA goes to the court's subject-matter jurisdiction and may therefore be resolved on a Rule 12(b)(l) motion to dismiss." *See Willoughby v. U.S. ex rel. U.S. Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). The FTCA confers jurisdiction for suits against the United States where state law would render liable a private actor performing the same actions. *Richards v. United States*, 369 U.S. 1, 6 (1962).[1] Thus, to establish subject-matter jurisdiction under the FTCA, "a plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law . . . ." *Brownback*, 141 S. Ct. at 749 (citing 28 U.S.C. § 1346(b)(1)).

The Court conducts a Rule 12(b)(6)-like analysis to determine whether a complaint alleges liability sufficiently to trigger the FTCA's waiver of sovereign immunity, thereby establishing subject-matter jurisdiction. *See id.* (stating that in the FTCA context, Rule

---

[1] "There is debate about whether suits under the Federal Tort Claims Act . . . are federal question cases or whether . . . they come under the constitutional grant of judicial power to 'controversies to which the United States shall be a party.'" 13D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3563 (3d ed. 2021).

4

12(b)(6) analysis is used to determine both merits and subject-matter jurisdiction); Fed. R. Civ. P. 12(b)(6).   Rule 12(b)(6) permits dismissal if a party fails "to state a claim upon which relief can be granted."   Fed. R. Civ. P. 12(b)(6).

To survive Rule 12(b)(6) analysis, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   This "demands more than an unadorned . . . accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A complaint that offers only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 555).   "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).   Federal courts apply this federal pleading standard even to claims based in state law. *See Int'l Energy Ventures Mgmt. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016) (holding that the federal pleading standard governs any 12(b)(6) analysis).

## ANALYSIS

The Government moves for dismissal of Mr. Gurrola's Complaint based on Rule 12(b)(1) and Rule 12(b)(6).   The Court must first assess whether it has subject-matter jurisdiction over Mr. Gurrola's claims as required by Rule 12(b)(1) before it addresses the Rule 12(b)(6) motion. *See Ramming*, 281 F.3d at 161.   It must dismiss the case if it finds that it does not have jurisdiction. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking.").   Although Mr. Gurrola does not explicitly plead subject-matter jurisdiction, the Court will nonetheless evaluate whether his Complaint implicitly provides a

5

basis for its subject-matter jurisdiction over his claims.   *See Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002) ("[A] *pro se* plaintiff's pleadings are liberally construed.").

Since Mr. Gurrola's complaints sound in tort, only the FTCA can remove the block of sovereign immunity.   Compl. 1–5, ECF No. 1; *In re Supreme Beef Processors, Inc.*, 468 F.3d at 252.

The Court first finds that Mr. Gurrola's rape and fraudulent concealment claims, as well as one of his sexual harassment claims, are specifically excepted by the FTCA from its waiver of sovereign immunity.   Mr. Gurrola's extortion claims and remaining sexual harassment claims are not excepted by the FTCA, but since they do not satisfy the FTCA's jurisdictional requirements under 28 U.S.C. § 1346(b)(1), they do not establish subject-matter jurisdiction. Thus, the Court will grant the Government's Rule 12(b)(1) Motion to Dismiss without undertaking a full Rule 12(b)(6) analysis.

   1. **Since the FTCA is the Sole Means by Which the Government Has Waived Its Sovereign Immunity from Tort Claims, the Court's Determination of the FTCA's Applicability to Each Claim Will Be Decisive.**

In the words of Circuit Judge Max Rosenn, the FTCA is "a traversable bridge across the moat of sovereign immunity."   *Jaffee v. United States*, 592 F.2d 712, 717 (3rd Cir. 1979).   For tort claims, the FTCA is the only bridge across that moat.   *In re Supreme Beef Processors, Inc.*, 468 F.3d 248, 252 (5th Cir. 2006) (stating that the FTCA is the "exclusive vehicle for the assertion of tort claims for damages against the federal government.").   But not all tort claims make it across the bridge.   As will be explained below, some claims are refused entrance to the bridge, and some can't make it all the way across.   Unless a claim successfully makes it onto the bridge and all the way across, it will not get through the moat of sovereign immunity.

6

The FTCA restricts many claims from getting onto the bridge. Its waiver of sovereign immunity applies to a wide variety of torts, it does not extend to the excepted intentional torts of "assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C § 2680(h). A plaintiff's claim qualifies as one of these excepted torts "when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action." *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) (quoting *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993)). Additionally, the FTCA's waiver of sovereign immunity does not extend to "[a]ny claim arising in a foreign country." 28 U.S.C. § 2680(k). To determine whether a claim is barred, a plaintiff's choice of pleading is not controlling; instead, courts focus on the conduct upon which the plaintiff's claim is based. *Life Partners Inc., v. United States*, 650 F.3d 1026, 1032 (5th Cir. 2011).

Tort claims allowed on the bridge face a further barrier to getting across it. For the claim to make it across the bridge, and thus for a court to have jurisdiction over the claim, it must satisfy certain jurisdictional requirements. "[A] plaintiff must plausibly allege that 'the United States, if a private person, would be liable to the claimant' under state law . . . ." *Brownback*, 141 S. Ct. at 749 (2021) (citing 28 U.S.C. § 1346(b)(1)). The Court conducts a Rule 12(b)(6)-like analysis to determine whether liability is sufficiently alleged, and thus whether the claim can get across the FTCA bridge. *See id.* (stating that in the FTCA context, Rule 12(b)(6) analysis is used to determine both merits and subject-matter jurisdiction).

Thus, to determine whether each of Mr. Gurrola's claims can use the bridge and get across "the moat of sovereign immunity," the Court will look to the factual allegations in the

7

Complaint and characterize each claim as alleging a particular tort.   The Court can then examine whether that particular tort is excepted by the FTCA from its waiver of sovereign immunity against tort claims, either because it is a specifically excepted tort or because it arises in a foreign country.   If the tort is excepted by the FTCA, the claim is barred by sovereign immunity and the Court must dismiss the claim.

If, on the other hand, the tort is one to which the FTCA's waiver of sovereign immunity does apply, the Court will subject the claim to a 12(b)(6)-like analysis to determine whether Mr. Gurrola has provided a sufficient basis for a plausible inference of liability against the Government.   If Mr. Gurrola has not provided such a basis, the Court must dismiss the claim for lack of subject matter jurisdiction.

## 2. Mr. Gurrola's Claims of Rape of Women Abroad, Fraudulent Concealment, and Part Three of his Sexual Harassment Claim are Specifically Excepted from the FTCA's Waiver of Sovereign Immunity.

The first question is whether Mr. Gurrola's claims can get on the bridge at all. The Court will begin by examining whether Mr. Gurrola's claims of rape, fraudulent concealment, extortion, or sexual harassment claims fail for lack of subject-matter jurisdiction as exceptions to the FTCA.   After reviewing Mr. Gurrola's claims, the Court finds that that the FTCA does not grant jurisdiction over the third of Mr. Gurrola's sexual harrasment claims, his rape claim, and his fraudulent concealment claim, as these claims are arise out of conduct that would establish causes of action specifically excepted by the FTCA from its waiver of sovereign immunity.   The Court finds the first and second of Mr. Gurrola's sexual harassment claims as well as his extortion claim are not excepted, and the Court will therefore subject those claims to further analysis.

### a. Mr. Gurrola's rape claim falls under the foreign country exception to the FTCA.

8

Mr. Gurrola's "rape of women abroad" claim contains allegations of abusive activities by the DEA in Mexico.   Compl. 6, ECF No. 1.   Mr. Gurrola also alleges that the DEA "has been raping women for years and probably minors."   *Id.*   Mr. Gurrola does not specify where the rapes occur, but his Complaint only refers to crimes committed in "Mexico" and "abroad."   *See id.*   Because the FTCA does not apply to "[a]ny claim arising in a foreign country," the claim is barred by sovereign immunity.   28 U.S.C. § 2680(k).

### b.   **Mr. Gurrola's fraudulent concealment claim is identifiable as "misrepresentation" and is therefore excepted by the FTCA.**

Mr. Gurrola's fraudulent concealment claim concerns allegations that the DEA failed to renew Mr. Gurrola's DEA registration and took property from his pharmacy.   Compl. 2–3, ECF No. 1.   Mr. Gurrola also alleges that the DEA engaged in a conspiracy to defraud him. *Id.*   He contends that DEA Agent Winnie Sepp, and two individuals who are not DEA employees, Lorenzo Ureno and Gay Dodson, engaged in a conspiracy using false testimony and false search warrants to steal from Mr. Gurrola's pharmacy and defraud him of the $800 DEA registration renewal fee.   *Id.*   The "underlying governmental conduct" in Mr. Gurrola's claim consists of creating fake search warrants, testifying falsely, and stealing $800.   *Truman*, 26 F.3d at 594; Compl. 2–3, ECF No. 1.

Such acts establish the tort of misrepresentation, defined by "the communication of misinformation on which the recipient relies."   *Block v. Neal*, 460 U.S. 289, 296 (1983).   Mr. Gurrola alleges that the access to and theft from his pharmacy stemmed from both false statements and false search warrants.   Compl. 2–3, ECF No. 1.   Because these claims arise out of the DEA's supposed misrepresentation to Mr. Gurrola about its use of funds, they can be "fairly read to arise out of conduct that would establish" the tort of misrepresentation.   *Truman*,

26 F.3d at 594.   That they may also constitute other torts is irrelevant because "[t]he FTCA's

misrepresentation exception is broad: it bars any claim arising out of misrepresentation—even if

the conduct underlying the claim may also constitute a tort not barred by section 2680(h)."   *Life*

*Partners Inc. v. United States*, 650 F.3d 1026, 1032 (5th Cir. 2011).   Since the FTCA exempts

misrepresentation from its waiver of sovereign immunity, sovereign immunity bars the claim,

and the Court lacks subject-matter jurisdiction.   *Willoughby*, 730 F.3d at 479.   Consequently,

Mr. Gurrola's fraudulent concealment claim should be dismissed.

> **c.   The Court will construe the third of Mr. Gurrola's sexual harassment claims as defamation, which is excepted from the FTCA.**

Mr. Gurrola's purported claim of "sexual harassment" actually encompasses three

distinct claims.   First, Mr. Gurrola alleges that he was offended by DEA agent Winnie Sepp's

"provocative[]" dress.   Compl. 5, ECF No. 1.   Second, he alleges that the DEA used Dr.

Armistead and third parties to send him "sexually unwanted pictures" and to make unwanted

sexual solicitations.   *Id.* at 5–6, 24, 26.   Third, he alleges that Dr. Armistead told the

community and his family that he solicits sex and that by doing so, Dr. Armistead destroyed his

family.   *Id* at 26.   The Court finds that the first and second claims, which it will refer to as,

respectively, claims for "provocation" and "solicitation," are not excepted, and it will subject

them to further analysis, *infra* pp. 11–13.   The Court finds that the third claim, which is

essentially a defamation claim, is excepted from the FTCA and therefore barred by sovereign

immunity.

The behavior alleged by Mr. Gurrola—Dr. Armistead telling Mr. Gurrola's

community and his family that he solicited sex—constitutes defamatory behavior.   To prove

defamation under Texas state law, a plaintiff must show "(1) publication of a false statement of

fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite

degree of fault, at least amounting to negligence, and (4) damages, in some cases." *Innovative Block v. Valley Builders Sup.*, 603 S.W. 3d 409, 417 (Tex. 2020).   A defamatory statement "tends [] to harm the reputation of another as to lower him in the estimation of the community . . . ." *Id.* (quoting Restatement (Second) of Torts § 559 (Am. L. Inst. 1977)).   Based on Mr. Gurrola's pleadings, Dr. Armistead published the statement regarding solicitations for sex when he told Mr. Gurrola's community and his family that Mr. Gurrola solicited sex.   Compl. 26, ECF No. 1.   The statement was defamatory because the suggestion that Mr. Gurrola was engaged in illicit sexual practices would certainly tarnish his reputation.   Furthermore, Mr. Gurrola's pleadings indicate that the statement was false because Mr. Gurrola did not accept the solicitations.   Compl. 24, 26, ECF No. 1.   Lastly, the pleadings indicate that Dr. Armistead acted with fault because his actions were part of a scheme designed by Dr. Armistead to destroy Mr. Gurrola's family.   *Id.*   Thus, Mr. Gurrola has pleaded the elements of defamation. Because defamation excepted from the FTCA's waiver of sovereign immunity, the claim is barred by sovereign immunity.   28 U.S.C § 2680(h).

3. **Because Mr. Gurrola Cannot Show Any Possibility of Liability, He Cannot Establish That the FTCA Gives the Court Subject-Matter Jurisdiction Over His Extortion Claim or His Remaining Claims of Sexual Harassment.**

Because Mr. Gurrola's extortion claims and his remaining sexual harassment claims and are not excepted from the FTCA's waiver of sovereign immunity, they can get onto the FTCA bridge.   However, for the claims to make it all the way across the bridge, and thus for Mr. Gurrola to establish subject-matter jurisdiction, he must show that a private person would be liable under relevant state law for the behavior alleged.   Because Mr. Gurrola cannot establish any possibility of liability for these claims, the Court does not have jurisdiction over them under the FTCA, and they will be dismissed.

11

### a. Mr. Gurrola fails to plausibly allege that the Government, if it were a private person, would be liable under Texas state law for his remaining sexual harassment claims.

The first of Mr. Gurrola's remaining sexual harassment claims—his "provocation" claim—consists of allegations that DEA agent Winnie Sepp approached him while dressed in a "provocatively short blue dress exposing much of herself," which he found "offensive and unwelcome." Compl. 5, ECF No. 1. The second—Mr. Gurrola's "solicitation" claim—alleges that the DEA sexually harassed him by sending sexually explicit pictures and making sexual solicitations for unwanted sex that were designed to destroy his family. *Id* at 24, 26.

To determine whether the Court has jurisdiction over these claims, the Court conducts a 12(b)(6)-like analysis, which itself determines whether Mr. Gurrola has alleged that a private actor would be liable under Texas law. *Int'l Energy Ventures*, 818 F.3d at 208. The Court finds that it cannot construe Mr. Gurrola's allegation of provocation as any tort for which a private person would be liable under Texas law. Mr. Gurrola's solicitation claim can be construed as a claim for intentional infliction of emotional distress (IIED), but it does not have factual support sufficient to withstand 12(b)(6) analysis. These claims will therefore be dismissed for lack of subject matter jurisdiction.

The only tort law that could possibly accommodate Mr. Gurrola's "provocation" claim allegations are assault and intentional infliction of emotional distress. If the claim is construed as assault, it would be excepted from the FTCA's waiver of sovereign immunity and the Court would not have jurisdiction over it, for the reasons discussed above, *supra* pp. 8–11. If construed as intentional infliction of emotional distress, the claim fails for a different reason. Under Texas law, a plaintiff alleging IIED must show that (1) the defendant acted intentionally or recklessly (2) the conduct was extreme and outrageous (3) the actions of the defendant caused

12

the plaintiff emotional distress and (4) the emotional distress suffered by the plaintiff was severe. *Twyman v. Twyman*, 855 S.W.2d. 619, 621–22 (Tex. 1993).   Because Mr. Gurrola has not pleaded any facts to show that Ms. Sepp acted intentionally or recklessly or that her dress or actions were extreme and outrageous, he has not alleged "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.   Thus, however the claim is construed, it cannot cross the FTCA bridge over the moat of sovereign immunity and must be dismissed for lack of subject matter jurisdiction.

Mr. Gurrola's "provocation" claim—that Dr. Armistead and other third parties harassed him by sending him unwanted sexually explicit pictures and by solicitating sex from him—is similarly difficult to classify but most closely approximates a claim for intentional infliction of emotional distress.   However, the pleaded facts do not satisfy even the elements of IIED under Texas state law. *See Twyman v. Twyman*, 855 S.W.2d. at 621–22.   Mr. Gurrola does not plead any facts to show that Dr. Armistead acted intentionally or recklessly.   Compl. 5, 24, 26, ECF No. 1.   Additionally, even if the Court were to find that Mr. Gurrola's pleadings met all the elements of IIED, Mr. Gurrola's pleadings do not contain enough facts to state a plausible claim to relief under the 12(b)(6) standard.   Mr Gurrola's pleadings are solely conclusory statements that Dr. Armistead was sending him sexually explicit pictures and sending solicitations for unwanted sex to Mr. Gurrola's ire. *Iqbal*, 556 U.S. at 678.   Thus, they are insufficient to establish a plausible inference of liability, and the Court does not have jurisdiction under the FTCA over the claim. *Id.*

In conclusion, neither of Mr. Gurrola's remaining "sexual harassment" claims satisfies the requirements for subject matter jurisdiction under the FTCA, and the claims must be dismissed.   Moreover, although the allegations related to provocation and solicitation arguably

describe conduct deemed criminal under state law, "a private citizen cannot enforce criminal statutes in a civil action." *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007). Thus, the remaining "sexual harassment" claims will be barred by sovereign immunity and should be dismissed.

### b. Mr. Gurrola fails to plausibly allege that the Government, if it were a private party, would be liable under Texas state law for conversion.

Mr. Gurrola's "extortion" claim stems from allegations that the DEA, Dr. Armistead, and other unnamed third parties stole his mail and sent material to his family to invoke fear.   Compl. 6, ECF No. 1.   Essentially, he alleges that the DEA stole his private materials.  *See id.*   Once again, Mr. Gurrola does not directly plead a tort that is cognizable under the FTCA.   However, the Court will construe the extortion allegation as conversion, as that it is the only actionable tort that could possibly fit the pleaded facts and allow for this Court's jurisdiction over the claim.

However, Mr. Gurrola's complaint does not contain enough factual matter for a conversion claim to meet the 12(b)(6) plausibility standard.   To establish a conversion claim under Texas state law,

> a plaintiff must prove that (1) the plaintiff owned or had possession
> of the property or entitlement to possession; (2) the defendant
> unlawfully and without authorization assumed and exercised
> control over the property to the exclusion of, or inconsistent with,
> the plaintiff's rights as an owner; (3) the plaintiff demanded return
> of the property; and (4) the defendant refused to return the
> property.

*Grand Champion Film Prod., L.L.C. v. Cinemark USA, Inc.,* 257 S.W.3d 478, 485 (Tex. App.— Dallas 2008, no pet.).   The plaintiff also must establish he was injured by the conversion. *United Mobile Networks, LP. v. Deaton,* 939 S.W.2d 146, 147 (Tex. 1997) (per curiam).   Mr. Gurrola has failed to plead sufficient facts to state a plausible claim for conversion.   Mr.

14

Gurrola's claims are conclusory statements of acts committed by the DEA through the use of mostly unnamed third parties. *See* Compl. 5–6, ECF No. 1.   Mr. Gurrola has not shown any facts pertaining to the alleged stolen mail or threats. *See id.*   Because Mr. Gurrola's Complaint fails to offer any coherent facts sufficient to support a cognizable conversion cause of action under Texas state law, he has not plausibly alleged a claim under state law as required for subject-matter jurisdiction under the FTCA. *Brownback*, 141 S. Ct. at 749 (2021) (citing 28 U.S.C. § 1346(b)(1)).   Since Mr. Gurrola fails to establish subject-matter jurisdiction under the FTCA, the claim is barred by sovereign immunity. *Willoughby*, 730 F.3d at 479.

## CONCLUSION

In sum, the Court dismisses Mr. Gurrola's claims for lack of subject-matter jurisdiction.   Mr. Gurrola's claims of rape of women abroad and fraudulent concealment, as well as the third of his sexual harassment claims, are specifically excepted from the FTCA's waiver of sovereign immunity.   Mr. Gurrola's remaining sexual harassment claims and his extortion claim are not excepted by the FTCA.   However, since Mr. Gurrola cannot establish that such claims could lead to liability under state law if brought against a private actor, the FTCA does not apply.   Because the FTCA does not apply to any of Mr. Gurrola's claims, sovereign immunity blocks them.   This Court therefore does not have subject-matter jurisdiction over them and must dismiss Mr. Gurrola's claims without prejudice.

Accordingly, **IT IS ORDERED** that Defendant United States's "Motion to Dismiss," ECF No. 13, is **GRANTED**.

15

**IT IS FUTHER ORDERED** that Plaintiff Samuel A. Gurrola's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE.**

**SIGNED** this _25_ day of **October 2021**.

_____
THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE

16